**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 21-cr-30053-DWD |
| ) | |
| **WESLEY K. WHITE, JR.,** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM & ORDER**

On December 8, 2025, *pro se* Defendant filed a Letter, which the Court construes as a Motion for a Sentence reduction under 18 U.S.C. § 3582(c) and Parts A and B of Amendment 821 to the U.S. Sentencing Guidelines. (Doc. 109). In Part A of Amendment 821, the Sentencing Commission altered the "status points" provision for criminal history, which now appears in U.S.S.G. § 4A1.1(e). Under the amended provision, a defendant who has seven or more criminal history points, and who committed the offense of conviction while under any criminal justice sentence, receives one status point. A defendant who has six or less criminal history points, and who committed the offense of conviction while under any criminal justice sentence, receives no status points.

Under Part B of Amendment 821, offenders with zero criminal history points, whose offense did not involve certain aggregating factors, receive a two-level decrease in their offense level. *See* U.S.S.G. § 4C1.1. The changes apply retroactively.

Here, a review of the record confirms Defendant cannot seek relief under either provision of Amendment 821. He clearly does not qualify for a sentence reduction under

1

Part B of Amendment 821. That provision only applies to offenders who did not receive any criminal history points under Chapter Four. The Presentence Investigation Report in this case indicates Defendant had six criminal history points. (Sealed Doc. 91, pg. 15).

Likewise, Defendant does not qualify for a sentence reduction under Part A of Amendment 821. Defendant was sentenced on January 31, 2024, after the effective date of Amendment 821. (Docs. 92 & 96). The Part A "status points" provision was considered at sentencing but did not alter his guideline range. (Docs. 92 & 96). Indeed, the United States Probation Office expressly addressed this issue in the Presentence Investigation Report when it noted an application of Part A would not change Defendant's criminal history category. (Sealed Doc. 91, pg. 15 n. 1) ("Upon review, the defendant's criminal history category (III) remains unchanged when reviewing the new amendment.").

Further, Defendant's subtotal criminal history score was four. (Sealed Doc. 91, pg. 15). Two additional status points were assessed under former U.S.S.G. § 4A1.1(d) because the instant offense was committed while under a criminal justice sentence, yielding a total of six criminal history points and a criminal history category of III. (Sealed Doc. 91, pg. 15). Part A of Amendment 821 eliminates status points for defendants with 6 or fewer criminal history points. Therefore, even if 2 status points were removed, Defendant's total becomes four criminal history points, which still results in a criminal history category of III. Accordingly, Defendant's guideline imprisonment range remains unchanged.

For these reasons, Defendant's request for a sentence reduction is **DENIED.**

**SO ORDERED**.

Dated: December 15, 2025.

s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge
